UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WILLIE J. GRIFFIN, JR.**  **FED. REG. # 04667-017** | : | **CIVIL ACTION NO. 2:14-cv-2616**  **SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **C. MAIORANA** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is an application for a writ of *habeas corpus* [doc. 1] filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Willie J. Griffin, Jr. (hereinafter "Griffin"), an inmate in the custody of the Federal Bureau of Prisons. He is currently incarcerated at the Federal Correctional Institution in Oakdale, Louisiana ("FCIO"),[1] but his petition is based, in part, on events that occurred while he was incarcerated at the Federal Correctional Institution in Big Spring, Texas (hereinafter "Big Spring"). Griffin names Warden C. Maiorana as respondent herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE.**

---

[1] Jurisdiction must be judged as of the time a petition is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001). Since Griffin was incarcerated in this district when he filed his petition, jurisdiction and venue over his § 2241 petition are proper. *Id.*; 28 U.S.C. § 2241(d).

# I.
## BACKGROUND

Griffin alleges that he was erroneously deprived of good-time credits. Specifically he claims that on December 7, 2013, staff at Big Spring received information from the Federal Correctional Institution in Sandstone, Minnesota, ("Sandstone") that Griffin authored a letter to an inmate at Sandstone. Doc. 1, att. 1, p. 10. The letter was sent by a Traci Watkins, who is listed as a friend on Griffin's email account and phone list. Doc. 1, att. 1, p. 5. However, the letter was signed "Redd," which is Griffin's nickname and contained information regarding incidents occurring at Big Spring to which Griffin was privy. *Id.* Griffin was not authorized to have contact with the other inmate. *Id.* As a result, Griffin was charged with use of the mail for abuses other than criminal activity which circumvent mail monitoring procedures. *Id.*

The charged offense was referred to the Disciplinary Hearing Officer ("DHO"). On January 13, 2014, a hearing was held before the DHO[2], who found that Griffin guilty. Doc. 1, att. 1, p. 4. His sanctions included, among other things, (1) the loss of twenty-seven days of good time credit and (2) the forfeiture of ninety days of non-vested good conduct time. *Id.* It appears that Griffin appealed the DHO's findings at every level. Doc. 1, att. 1, pp. 6, 10-12.

Griffin now asks this court to order the Bureau of Prisons to respond to his appeal, and to overturn the DHO sanctions due to the personal involvement of the investigator and the lack of exculpatory evidence at the hearing. Doc. 1, pp. 5-6.

# II.
## LAW AND ANALYSIS

Griffin seeks *habeas corpus* relief pursuant to 28 U.S.C. § 2241, which provides that "the writ of *habeas corpus* shall not extend to a prisoner unless – [h]e is in custody in violation of the

---

[2] The DHO hearing was held at Oakdale following Griffin's transfer to that facility.

Constitution or laws or treaties of the United States..." 28 U.S.C. §2241(c)(3).  Here, Griffin claims that he was wrongfully deprived of good-time credits. Federal prisoners have liberty interests in their accumulated good-time credit. See *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000).   Therefore, and because a good-time credit liberty interest is implicated, the analysis approved by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445 (1985), governs our review of the contested disciplinary proceedings.

In order for a prison disciplinary proceeding to comport with the requirements of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the ruling; and (4) the requirement that upon review, at least "some evidence" support the ruling. *Hill,* 472 U.S. at 454; *Wolff*, 418 U.S. at 556.

Courts will not review a disciplinary hearing officer's factual findings *de novo.* Instead, the courts will only consider whether the decision is supported by "some facts" or by "a modicum of evidence." *Hill,* 472 U.S. at 454–55. *Gibbs v. King,* 779 F.2d 1040, 1046 (5th Cir. 1986). "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson,* 253 F.3d 874, 877 (5th Cir. 2001). "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson,* 252 F.3d 534, 537 (5th Cir. 2001). The information provided in a written incident report standing alone can satisfy the "some evidence" standard. *Id.* at 536–537.

In this case, the disciplinary hearing officer considered the following evidence: (1) the incident report; (2) the investigation; (3) the letter recovered from FCI Sandstone; and (4) Griffin's statement denying the charges. Doc. 1, att. 1, pp. 2-4, 10.

Based on a review of the evidence listed, the hearing officer found Griffin guilty of the charged offense. Given the wide range of information relied upon by the DHO, there is no question that the "some evidence" standard was met. Thus, Griffin has failed to show that a constitutional violation has occurred, and his claims should be denied.

### III.
#### CONCLUSION

For the reasons stated above,

**IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 2(b), parties aggrieved by this report and recommendation have fourteen (14) days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 20th day of April, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE